STOVER MFG. CO. v. ARCADE MFG. CO.

(Circuit Court of Appeals, Seventh Circuit. January 2, 1906.)

No. 1,166.

PATENTS—INFRINGEMENT—MOP STICK.

The Stewart patent, No. 499,402, for a mop stick, as limited by the prior art, *held* not infringed.

Appeal from the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

The bill in the Circuit Court was to restrain the infringement of letters patent No. 499,402, issued June 13th, 1893, to Thomas W. Stewart for a mop. The claims of the plaintiff are as follows:

1. A mop stick, comprising a stick proper, provided with the T-head having the grooved ends, forming one portion of the clamp, the rod having a straight portion forming the other part of the clamp and from thence converging rearwardly to the sides of the stick, a lever to which the free ends of said rod are pivoted, a ring loose on the stick, to which the forked ends of the lever are pivoted, and a spring between said ring and the T-head; substantially as set forth.

2. The combination of a mop stick provided with a T-head, forming one part of the clamp, a movable rod forming the other part of the clamp, a lever to which the free ends of said rod are pivoted, said lever being fulcrumed to a movable support on the stick, and a spring exerting a resistance against the lever when the latter is thrown back; substantially as set forth.

The drawing is as follows:

Other patents cited are as follows:

No. 3,306, Oct. 18, 1843, S. Johnson; No. 41,081, Jan. 5, 1864, Mason & Sheldon; No. 69,368, Oct. 1, 1867, G. W. Sanders; No. 89,803, May 4, 1869, G. Stackpole; No. 110,180, Dec. 13, 1870, L. Williams; No. 112,556, March 14, 1871, J. Davis; No. 112,615, March 14, 1871, J. Messinger; No. 117,943, Aug. 8, 1871, Luke W. Taylor; No. 202,434, April 16, 1878, G. W. Gomber; No. 208,165,

Sept. 17, 1878, H. L. Franklin; No. 211,987, Feb. 4, 1879, W. Geist; No. 249,766, Nov. 22, 1881, J. Hunt; No. 257,294, May 2, 1882, F. Davis; No. 262,008, Aug. 1, 1882, J. B. Crawford; No. 267,289, Nov. 7, 1882, A. Walker; No. 297,880, April 29, 1884, G. M. Van Riper; No. 335,295, Feb. 2, 1886, J. McWilliams; No. 350,240, Oct. 5, 1886, G. W. Fuller; No. 368,486, Aug. 16, 1887, J. H. Omo; No. 420,798, Feb. 4, 1890, J. M. Holmes; No. 457,425, Aug. 11, 1891, A. H. Jackson; No. 466,521, Jan. 5, 1892, W. L. Litts; No. 468,036, Feb. 2, 1892, W. F. Loan; No. 472,471, April 5, 1892, C. Christy, Jr.; No. 685,858, Nov. 5, 1901, C. Morgan; No. 699,312, May 6, 1902, A. S. Held; No. 699,313, May 6, 1902, A. S. Held; No. 699,314, May 6, 1902, A. S. Held; No. 699,315, May 6, 1902, A. S. Held; British patent No. 392 of 1884, R. W. Kenyon.

In the Circuit Court it was found that appellee's device did not infringe the patent, and the bill was dismissed for want of equity.

The further facts are stated in the opinion.

L. L. Morrison, for appellant.

Harry Bitner and Lysander Hill, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge, after stating the facts, delivered the opinion.

The gist of appellants' invention is in so placing a fulcrum next to a ring placed loosely around the handle—the whole cushioned on a spiral spring running also around the handle—that when the lever is brought down, the spring will close, thus intensifying the grip of the clamp upon the mop. The appellee's device contains all these elements except the ring. If the appellant had been the first person to utilize a spring cushion for the purpose of intensifying the grip of the clamp upon the mop, the patent might be given a scope that would include appellee's device as the mechanical equivalent. But the appellant was not the first to utilize, for that purpose, a spring cushion upon which rested the fulcrum of the lever. Johnson as early as 1843 used a clamp, intensified by a spring that wound around the handle. Jackson in 1891 fulcrumed his lever upon cushioned springs. The only respect in which appellant's device differs mechanically from a long line of well known mops, is in the introduction of the loose ring—an element pointed out in the first claim as an essential element; and unquestionably implied in the second claim. The appellee omits this element; and does not employ, therefore, any part of the combination patented that was not open to him in the prior art.

The decree of the Circuit Court is affirmed.